UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Anthony

   v.                                       Civil No. 12-cv-156-JL

David Dionne, Superintendent,
Hillsborough County House of
Correction s et al.[1]

O R D E R

Michael Anthony filed a complaint (doc. no. 1) asserting violations of his First and Fourteenth Amendment rights during his pretrial detention at the Hillsborough County House of Corrections ("HCHC").  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Service**

As fully explained in a report and recommendation issued this date ("R&R"), the court finds that Anthony has sufficiently stated an excessive force claim against HCHC Field Training

---

[1] Defendants named in the complaint are Hillsborough County House of Corrections ("HCHC") Superintendent David Dionne; HCHC Field Training Officer Rodrigues, whose first name is unknown ("FNU"); HCHC Sgt. FNU Balles; HCHC Nurse FNU Barnes; Dr. FNU Masewic; and HCHC Nurse Supervisor Denise Ryan.

Officer Rodrigues, and a failure to intervene claim against HCHC Sgt. Balles, to allow those claims to proceed at this time. The court directs therefore that the complaint be served on Rodrigues and Balles.

The file contains summons forms completed by plaintiff for defendants Rodrigues and Balles. The Clerk's office is directed to issue the summonses and forward to the U.S. Marshal's office the summonses; copies of the complaint (doc. no. 1); the R&R; and this Order. Upon receipt of the documentation, the U.S. Marshal's office shall serve defendants Rodrigues and Balles. See Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Anthony is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

### Leave to Amend

As explained in the report and recommendation issued this date, the court grants Anthony leave to amend his complaint to

2

state sufficient facts to support his claim alleging that he received inadequate medical care for his jaw injury. Within thirty days of the date of this order, Anthony must file an amended complaint as follows:

    1.   Anthony must assert facts to demonstrate that the injury to his jaw constitutes a serious medical need.

    2.   Anthony must identify defendants to his inadequate medical care claim and state, with specificity, what each defendant did or failed to do that constituted deliberate indifference to Anthony's serious medical need.

If Anthony fails to amend the complaint as directed, the court will recommend that the inadequate medical care claim be dismissed for failing to state a claim upon which relief might be granted.

    **SO ORDERED.**

                                              _____
                                              Landya McCafferty
                                              United States Magistrate Judge

September 10, 2012

cc:  Michael Anthony, pro se

LBM:jba